# In the United States Court of Federal Claims

No. 10-540 C

(E-Filed: October 25, 2012)

|  |  |
|---|---|
| CANVS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | ) <br>) <br>) <br>) Patent Claim; Insufficiency of <br>) Claim Chart; No "Timely Showing <br>) of Good Cause"; Denying Motion <br>) to Amend Claim Chart; Denying <br>) Reconsideration Under Rule 54(b); <br>) Dismissal of Claims Under Rule <br>) 41(b) <br>) <br>) <br>) |

Joseph J. Zito, Washington, DC, for plaintiff.

John A. Hudalla, Attorney, with whom were Stuart F. Delery, Acting Assistant Attorney General, and John Fargo, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Lindsay K. Eastman, Attorney, United States Department of Justice, of counsel.

ORDER

      Before the court are Plaintiff CANVS Corporation's Motion to Show Good Cause Supporting the Amendment of Its Infringement Claim Charts (plaintiff's Motion or Pl.'s Mot.), Docket Number (Dkt. No.) 38, filed August 3, 2012, attached to which is plaintiff's Memorandum of Law in Support of Plaintiff CANVS Corporation's Motion to Show Good Cause Supporting the Amendment of Its Infringement Claim Charts (plaintiff's Memorandum or Pl.'s Mem.), Dkt. No. 38-1; Exhibit A to plaintiff's Motion (plaintiff's proposed amended claim chart or Am. Claim Chart), Dkt. No. 41, filed August 8, 2012; Defendant's Opposition to Plaintiff's Motion to Show Good Cause Supporting the Amendment of Plaintiff's Infringement Contentions (defendant's Response or Def.'s Resp.), Dkt. No. 43, filed August 17, 2012; and plaintiff's Reply Memorandum of Law in Support of Plaintiff CANVS Corporation's Motion to Show Good Cause Supporting the Amendment of Its Infringement Claim Charts (plaintiff's Reply or Pl.'s Reply), Dkt. No. 47, filed August 23, 2012.

I.    Background

This is an action brought by plaintiff CANVS Corporation (CANVS) pursuant to 28 U.S.C. § 1498(a) (2006) to recover reasonable and entire compensation for the government's alleged use or manufacture of an invention covered by a patent (the '652 patent). Compl. for Patent Infringement, Dkt. No. 1, at 1. The invention is a low light imaging device--a night vision system--for use in military applications. See id. Ex. A ('652 patent) 10. Discovery and claim construction proceedings are governed by the court's Scheduling Order of October 14, 2011. Order of Oct. 14, 2011 (Scheduling Order), Dkt. No. 18. The Scheduling Order adopts the sequence of events requested by the parties in their joint preliminary status report, a sequence based on Judge Damich's pro forma Special Procedures Order for Cases Under 28 U.S.C. § 1498(a) (Special Procedures Order). See Joint Prelim. Status Report (JPSR), Dkt. No. 11, at 5-6; Scheduling Order 1-2. The Special Procedures Order, in turn, is based on the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (Patent Local Rules or Patent L.R.), see Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 744 n.5 (2005) ("The Patent Local Rules for the Northern District of California were used as a model in the creation of the Standard Special Procedures Order . . . for Cases Under 28 U.S.C. § 1498, Effective May 1, 2002.").[1]

According to the Scheduling Order, plaintiff was required to provide defendant with a claim chart detailing its infringement contentions on or before June 18, 2012. Scheduling Order 2. Plaintiff did not provide defendant with a claim chart on or before June 18, 2012.[2] See Def.'s Mot. for a Stay Pending Pl.'s Disclosure of Infringement Charts & Expert Test. (Def.'s Stay Mot.), Dkt. No. 29, at Ex. C (correspondence between plaintiff's counsel and defendant's counsel) C1, C3, C5-C6. Defendant requested--in multiple e-mails to plaintiff's counsel--that plaintiff provide its claim chart, id., and, when plaintiff's counsel did not provide any document identified as its

---

[1] Because the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California (Patent Local Rules) are similar to Judge Damich's Special Procedures Order for Cases Under 28 U.S.C. § 1498(a) (Special Procedures Order), the court views the Patent Local Rules, as well as cases interpreting the Patent Local Rules, to be of assistance in interpreting the Special Procedures Order. In addition, because "the Local Patent Rules of the [United States District Court for the] Eastern District of Texas [(Eastern District of Texas)] were modeled on the Patent Rules adopted by the Northern District of California," Realtime Data, LLC v. Packeteer, Inc., No. 6:08cv144, 2009 WL 2590101, at *5 n.4 (E.D. Tex. Aug. 18, 2009), the court also finds cases from the Eastern District of Texas to be of assistance in interpreting the Special Procedures Order.

[2] Plaintiff was also required to submit a proposed claim construction statement and any supporting expert reports on or before June 18, 2012. See Order of Oct. 14, 2011, Docket Number (Dkt. No.) 18, at 2. Plaintiff "provided neither a claim construction statement nor an expert report, but rather a document identified as its claim construction statement that--plaintiff maintains--contains the opinions of its expert." CANVS Corp. v. United States, No. 10-540 C, 2012 WL 2989963, at *4 (Fed. Cl. July 23, 2012). The court set a schedule for plaintiff to submit these documents. Id. at *4-5.

2

claim chart, filed a motion to stay claim construction proceedings, see id. at 1. After defendant filed its motion to stay, plaintiff stated in an e-mail to defendant that it intended to rely on the "detailed infringement claim charts" it served on defendant on March 5, 2012 to fulfill its obligation to provide a claim chart on or before June 18, 2012. See Mem. of Law in Opp'n to Def.'s Mot. for Stay Pending Pl.'s Disclosure of Infringement Charts & Expert Test. (Pl.'s Stay Opp'n), Dkt. No. 31, at 2-3; id. at Ex. 2 (June 29, 2012 e-mail from plaintiff's counsel to defendant's counsel) 1. The purported claim chart referred to by plaintiff (plaintiff's claim chart or, after the title of the document, Supplemental Disclosures) identified ten devices that, it stated, "include all of the elements of claims 1 through 7 of the '652 patent and therefore infringe those claims."[3] Pl.'s Stay Opp'n Ex. 1 (Supplemental Disclosures), Dkt. No. 35, at 1.

In its Order of July 23, 2012, the court found "that the document that plaintiff provided to defendant on March 5, 2012 was an adequate claim chart with respect to two accused devices, but that the document was not an adequate claim chart with respect to the remaining eight accused devices." CANVS Corp. v. United States, No. 10-540 C, 2012 WL 2989963, at *2 (Fed. Cl. July 23, 2012). The court also held that, because the Special Procedures Order states that "[a]mendment of a Claim Chart . . . may be made only by order of the Court upon a timely showing of good cause," JPSR Ex. A (Special Procedures Order) 13, plaintiff "would be permitted to amend its claim chart to include accused devices numbered three through ten only if it could show good cause as to why it had not timely provided this information on June 18, 2012 when the claim chart was due to be filed under the court's October 14, 2011 scheduling order," CANVS Corp., 2012 WL 2989963, at *3.[4] The court now decides whether plaintiff has shown good cause.

---

[3] A publication of the Federal Judicial Center provides a description of the terminology used in this Order and unique to patent law:

> The "claims," which appear at the end of a patent, define the invention. Claims are granted by the U.S. Patent Office. Claims are similar to the metes and bounds that define real property. A patent is property; it is a deed for an idea. . . . Claims have "limitations" or "elements." For example, two of the limitations [in the hypothetical claim provided by the authors] are "three or more spaced legs" and "each leg having one relatively flat end."

Complex Litig. Comm. of the Am. Coll. of Trial Lawyers, Fed. Judicial Ctr., Anatomy of a Patent Case 6-7 (2009).

[4] This is not the first time that plaintiff has failed to meet its discovery obligations or failed timely to file a document. Plaintiff's counsel, Mr. Joseph J. Zito, has been sanctioned in this case for "miss[ing] eleven deadlines set by the court's orders or the [Rules of the United States Court of Federal Claims (RCFC)] related to discovery, non-discovery disclosures and productions, and general responsive briefing deadlines." CANVS Corp. v. United States, 104 Fed. Cl. 727, 730 & n.3 (2012). After being sanctioned, plaintiff continued to miss filing deadlines, filing its response in opposition to defendant's motion to stay three days late. See

II.     Legal Standards

    A.      Amendment of Claim Charts

The Special Procedures Order requires that a claim chart identify, inter alia, "[w]here each element of each infringed claim is found within each [accused device]." JPSR Ex. A (Special Procedures Order) 12.  The requirement "to disclose where each element of each infringed claim is found within the accused device . . . is typical in patent litigation as its purpose is to put a defendant on notice of all contentions regarding how each claim limitation is allegedly met by the accused device." Iris Corp. Berhad v. United States, 84 Fed. Cl. 12, 16 (2008) (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc. (O2 Micro), 467 F.3d 1355, 1362-63 (Fed. Cir. 2006) and Refac Int'l, Ltd. v. Hitachi, Ltd., 921 F.2d 1247, 1255 (Fed. Cir. 1990)).

"'[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts . . . is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction.'" Genentech, Inc. v. Amgen, Inc., 289 F.3d 761, 774 (Fed. Cir. 2002) (quoting Atmel Corp. v. Info. Storage Devices, Inc., No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998) (unpublished)).  In particular, paragraph 9(c) of the Special Procedures Order provides that "[a]mendment of a Claim Chart . . . may be made only by order of the Court upon a timely showing of good cause." JPSR Ex. A (Special Procedures Order) 13.  Under Patent Local Rule 3-6, circumstances that support a finding of good cause to amend infringement contentions include:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
> (b) Recent discovery of material, prior art despite earlier diligent search; and
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6.  "Carelessness or mere errors, however, are insufficient to establish good cause." Berger v. Rossignol Ski Co., No. C 05-02523 CRB, 2006 WL 1095914, at *5 (N.D. Cal. Apr. 25, 2006) (unpublished) (citing Johnson v.

---

CANVS Corp., 2012 WL 2989963, at *2 n.2.  During the telephonic status conference (TSC) held July 17, 2012 the court advised Mr. Zito that the court will not overlook further late or deficient filings.  See TSC of July 17, 2012, at 10:39:18-26.  The court stated that it would consider additional sanctions, including the possible dismissal of the case, in case of another late or deficient filing.  Id. at 10:39:27-43.  The TSC held on July 17, 2012 was recorded by the court's Electronic Digital Recording system (EDR).  The times noted in citations to the TSC refer to the EDR.

Mammoth Recreations, Inc. (Mammoth Recreations), 975 F.2d 604, 609 (9th Cir.1992)), aff'd, 214 F. App'x 981 (Fed. Cir. 2007).

As the examples given in Patent Local Rule 3-6 suggest, good cause requires a showing of diligence.  See, e.g., O2 Micro, 467 F.3d at 1366; Acer, Inc. v. Tech. Props. Ltd., Nos. 08-cv-00882JF/HRL et al., 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) (unpublished) ("[The moving party] must demonstrate good cause, an inquiry that considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted. . . .  'If [the moving party] was not diligent, the inquiry should end.'" (quoting Mammoth Recreations, 975 F.2d at 609)).  "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence."  O2 Micro, 467 F.3d at 1366.  "Only if the party seeking amendment shows diligence will the court consider prejudice to the non-moving party."  Abaxis, Inc. v. Cepheid, No. C10-02840 LHK (HRL), 2012 WL 1188974, at *1 (N.D. Cal. Apr. 9, 2012) (unpublished) (citing, inter alia, O2 Micro, 467 F.3d at 1366-68) (noting the conclusion of the O2 Micro court that, where the moving party did not demonstrate diligence, there was "no need to consider the question of prejudice" (internal quotation marks omitted))).  Whether a party has been diligent in seeking discovery is one relevant aspect of the diligence issue.  See, e.g., Mondis Tech., Ltd. v. LG Elecs., Inc., Nos. 2:07-CV-565-TJW-CE & 2:08-CV-478-TJW, 2011 WL 2149925, at *3 (E.D. Tex. May 5, 2011) (unpublished); Int'l Dev. LLC v. Richmond, No. 09-2495 (GEB), 2011 WL 149859, at *2 (D.N.J. Jan. 18, 2011) (unpublished); West v. Jewelry Innovations, Inc., No. C 07-1812 JF (HRL), 2008 WL 4532558, at *2 (N.D. Cal. Oct. 8, 2008) (unpublished) ("[T]he Court . . . must address whether the party was diligent in discovering the basis for the proposed amendment.").

      B.      Involuntary Dismissal Under RCFC 41(b)

The Patent Local Rules do not specify the actions that a trial court may or must take if a party does not properly disclose its infringement contentions.  See O2 Micro, 467 F.3d at 1363.  However, Rule 41(b) of the RCFC provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction or failure to join a party under RCFC 19--operates as an adjudication on the merits.

RCFC 41(b).[5]

---

[5] Because the Patent Local Rules are "essentially a series of case management orders," O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1363 (Fed. Cir. 2006),

5

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of [trial courts]." Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal is a "harsh sanction," but may be appropriate when a party "repeatedly and without valid justification ignore[s] both court-imposed deadlines and court rules." Kadin Corp. v. United States (Kadin), 782 F.2d 175, 176-77 (Fed. Cir. 1986).

III.   Discussion

Plaintiff argues that it has good cause both "to amend the March 5, 2012 claim chart that it . . . served on Defendant" and to "add[] new identified and accused infringing devices or systems to its infringing claim chart." Pl.'s Mem. 2. With respect to amending its existing claim chart to provide complete information regarding eight of the ten initially accused devices, plaintiff argues that "it believed, in good faith, that [CANVS] had already provided the Defendant on March 5, 2012 with the best identification of the components of each of these accused infringing devices that corresponded to the elements of each asserted patent claim, based on the (admittedly imperfect) information that it had available to it at the time."[6] Id. at 5. Plaintiff states

---

analysis of potential sanctions under Rule 16(f) of the Rules of the United States Court of Federal Claims (RCFC) would also be appropriate if a party fails properly to disclose its infringement contentions, see RCFC 16(f) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").

[6] Much of plaintiff's briefing appears directed to an attempt to show that the document provided to defendant on March 5, 2011 was an adequate claim chart. For instance, plaintiff states that it "believes and maintains that Charts C and D fully identified through photographs and arrows with annotations, where each element of the claims is found on the accused apparatus," Mem. of Law in Supp. of Pl. CANVS Corp.'s Mot. to Show Good Cause Supporting the Am. of Its Infringement Claim Charts (plaintiff's Memorandum or Pl.'s Mem.), Dkt. No. 38-1, at 4, and spends nearly three pages of its Memorandum discussing why the claim chart previously provided was sufficient, see id. at 4-7. The court previously ruled on the insufficiency of plaintiff's claim chart, stating in its July 23, 2012 Order that the document provided by plaintiff on March 5 "was not an adequate claim chart with respect to" eight of the ten accused devices. See CANVS Corp., 2012 WL 2989963, at *2. During the TSC that the court held to discuss the sufficiency of plaintiff's claim chart with the parties, "[p]laintiff was afforded an opportunity . . . to explain its view that the document it provided on March 5, 2012 was an adequate claim chart with respect to accused devices numbered three through ten, but plaintiff was unable to point the court to specific pages [of the document] that would support its view." Id. at *3 (internal citation omitted). However, because this portion of plaintiff's Memorandum might be construed as a request that the court reconsider its July 23, 2012 ruling that plaintiff's claim chart was inadequate with respect to eight of the ten accused devices, the court considers whether reconsideration would be appropriate.

RCFC 54(b) provides that "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." RCFC 54(b). The moving party must support its motion for reconsideration by a

6

that "[b]ecause no additional material was available to CANVS in June, CANVS chose to rely on the March 5 claim chart to fulfill its obligation to present an infringement claim chart to Defendant on June 18, 2012." Id. at 3. Plaintiff also states that, with respect to some of the accused devices, "CANVS was unable to locate, from publicly available sources, information sufficient to construct a complete infringement claim chart." Id. at 7. Plaintiff also asserts that "CANVS has since redoubled its efforts over the past six (6) weeks to locate information that would allow it to complete the claim chart with respect to these devices. As shown in Exhibit A, it is now able to do so." Id.

With respect to the six new accused devices that plaintiff proposes to include in its proposed amended claim chart, plaintiff argues that it has engaged in "diligent and continuous research and investigative efforts" but "was only able to uncover information that would allow it to complete its infringement claim charts for these additional devices within the last three (3) weeks." Id. at 10. Plaintiff states that to develop its proposed amended claim chart, it relied "upon its extensive knowledge of the defense contracting industry, its contacts within the government and its knowledge of publications, web sites and other publicly available sources of information concerning night vision devices." Id. at 10-11. However, the court has directed plaintiff, in this briefing, to address only devices numbered three through ten contained in plaintiff's March 5, 2012 disclosure to defendant. Canvs Corp., 2012 WL 2989963, at *3 (directing plaintiff to file briefing and stating that plaintiff "would be permitted to amend its claim chart to include accused devices numbered three through ten only if it could show good cause as to why it had not timely provided this information on June 18, 2012 when the claim chart was due to be filed"). Accordingly, the court does not address in this Opinion any proposed additional devices referenced in plaintiff's Motion.

Defendant argues that plaintiff's lack of diligence in failing to seek discovery before its infringement contentions were due--given that the period of time in which to take discovery began in March 2011--precludes a finding of good cause. Def.'s Resp. 6-7. Defendant also argues that because "plaintiff's proposed amended infringement contentions . . . are again based on public information," "plaintiff's remedial actions

---

showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact. See Henderson Cnty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citing Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004)).

Plaintiff does not point to any change in the law or previously unavailable evidence that would support reconsideration, and plaintiff does not argue that reconsideration must be granted to prevent a manifest injustice. Accordingly, insofar as plaintiff's Memorandum may be considered a motion for reconsideration with respect to the issue of whether plaintiff's March 5, 2012 document constitutes an adequate claim chart for eight of the ten accused devices, that request is DENIED.

cannot support a finding of good cause, because plaintiff could have propounded the same public information relating to its infringement contentions on its original due date." Id. at 7-8. Defendant argues in the alternative that "[e]ven if the Court were to find that plaintiff exercised diligence such that plaintiff's previously served, incomplete infringement contentions could be excused, plaintiff's proposed amended infringement contentions remain deficient." Id. at 10-11 (footnote omitted). In particular, defendant faults plaintiff's proposed amended claim chart for "assum[ing] that elements of accused devices are present based on a superficial analysis of publicly available photographs," id. at 11 (emphasis and capitalization omitted), and for "using generic block diagrams . . . [and] repeatedly appl[ying] the same analysis of claim limitations to different accused devices," id. at 12 (emphasis and capitalization omitted).

      A.      Plaintiff Has Failed to Establish Good Cause as Required to Amend Its Infringement Claim Chart

The court is unable to conclude on these facts that plaintiff acted diligently and, therefore, concludes that plaintiff has not shown good cause to amend its claim chart. The court first notes that, initially, plaintiff did not file any document labeled as a claim chart on or before the June 18, 2012 deadline. See Def.'s Stay Mot. Ex. C (correspondence between plaintiff's counsel and defendant's counsel) C1, C3, C5-C6. Only after defendant filed a motion to stay claim construction proceedings until plaintiff provided adequate claim charts and expert opinions did plaintiff state that it intended to rely on the "detailed infringement claim charts" it served on defendant on March 5, 2012 to fulfill its obligation to provide a claim chart on or before June 18, 2012. See Pl.'s Stay Opp'n 2-3; id. at Ex. 2 (June 29, 2012 e-mail from plaintiff's counsel to defendant's counsel) 1.

The March 5, 2012 document upon which plaintiff relies to fulfill its obligation to provide a claim chart is titled "Plaintiff[']s Supplemental Disclosures of Asserted Claims." See Pl.'s Stay Opp'n Ex. 1 (Supplemental Disclosures) 1. According to paragraph 8 of the Special Procedures Order, the disclosure of asserted claims should contain "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted," "[s]eparately for each allegedly infringed claim, each accused apparatus, product, [or] device . . . of each opposing party of which the party is aware" and "[t]he date of conception and the date of reduction to practice of each asserted claim." JPSR Ex. A (Special Procedures Order) 10-11. Although this description of the disclosure of asserted claims overlaps substantially with the requirements for the claim chart described in paragraph 9(a)(i)-(ii), cf. id. at 12, the disclosure of asserted claims notably does not require, as the claim chart does, that the party show "[w]here each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality," see id. It should come as no surprise to plaintiff, then, that the document produced in March 2012 and titled "Supplemental Disclosures of Asserted Claims" would not necessarily meet the requirements for a claim chart. Failing to serve a document (here, a claim chart) and belatedly relying on a previously filed document

(here, a disclosure of asserted claims) actually designed to serve a different purpose in the progression of patent litigation cannot be viewed as an exercise of diligence. Cf. O2 Micro, 467 F.3d at 1366 (requiring a showing of diligence as a prerequisite for finding good cause).

Further, where the information that a plaintiff relies upon to support amendment was publicly available prior to the time for filing plaintiff's infringement contentions, a court should be reluctant to permit amendment. See, e.g., Global Sessions LP v. Travelocity.com LP, No. 6:10cv671 LED-JDL, 2012 WL 1903903, at *4 (E.D. Tex. May 25, 2012) (unpublished) (denying leave to amend infringement contentions to include information that was publicly available at the time that the original infringement contentions were due); SmartPhone Techs., LLC v. HTC Corp., No. 6:10cv580 LED-JDL, 2012 WL 1424173, at *3 (E.D. Tex. Mar. 16, 2012) (unpublished) (finding a lack of diligence and therefore no good cause to amend where a party omitted from its initial infringement contentions three accused devices that were publicly available at the time that infringement contentions were due); cf. Patent L.R. 3-6(b) (noting that one circumstance that would support a finding of good cause is the "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions" (emphasis added)). To the extent that the failure to find the relevant information in the time allotted was simply a careless mistake of counsel, this also is insufficient to establish good cause. Berger, 2006 WL 1095914, at *5 ("Carelessness or mere errors . . . are insufficient to establish good cause.").

Although plaintiff represents that it diligently researched publicly available information and could not have found the public information it now relies upon in its proposed amended claim chart prior to the June 18, 2012 deadline, Pl.'s Mem. 7, the court finds plaintiff's argument unavailing. Plaintiff could have been compiling publicly available information well before--and certainly since--the time that it first filed this case more than two years ago, in August 2010. Plaintiff provides no explanation for why it was unable to discover all the relevant public information it needed in the nearly two years prior to the court's June 18, 2012 deadline but was suddenly able to provide, in the two weeks after the court found plaintiff's claim chart to be deficient, allegedly complete information regarding not only eight previously accused devices, but also information allegedly sufficient to add six new accused devices. Plaintiff's recently discovered public information does not provide plaintiff with good cause to amend.

Plaintiff argues that it did the best it could with the information it had at the time, Pl.'s Mem. 8, and even appears to blame defendant for failing to provide, in the 170,000 pages of documents produced to plaintiff, any document that "contained technical information concerning the accused infringing devices that was any better than the publicly available information," Pl.'s Reply 9. However, a finding of diligence also requires that a plaintiff has been diligent in pursuing discovery. West, 2008 WL 4532558, at *2. If plaintiff could foresee that it did not have the information necessary to serve a complete claim chart on June 18, 2012 based on public information and

defendant's initial production of documents, then plaintiff should have sought discovery to supplement its information.

The period of time in which to take discovery began in March 2011, see Order of Mar. 25, 2011, Dkt. No. 12, at 1, and plaintiff did not make a single discovery request until after defendant filed its motion to stay proceedings, see Def.'s Mot. to Stay Pl.'s New Omnibus Disc. Requests Pending the Outcome of the Forthcoming Show-Cause Briefing, Dkt. No. 37, at 3-4; id. at Exs. A-F (Third Party Subpoenas of July 27, 2012), Ex. H (Pl.'s Request for Production of July 31, 2012), Ex. I (Pl.'s Interrogatories of July 31, 2012), Ex. J (Pl.'s Notice of 30(b)(6) Deposition of July 31, 2012).  Under these circumstances, the court finds that plaintiff was not diligent in seeking discovery and therefore lacks the requisite good cause to amend its infringement contentions.  See Karl Storz Endoscopy-America, Inc. v. Stryker Corp., No. C 09-00355 WHA, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (unpublished) (denying leave to amend infringement contentions where plaintiff "had ample opportunity to request discovery relief on this issue . . . but never did so" in the four years the case was pending); Google, Inc. v. Netlist, Inc., 2010 WL 1838693, at *2-3 (N.D. Cal. May 5, 2010) (unpublished) (finding a lack of diligence and consequent lack of good cause because the movant could have discovered relevant information earlier where discovery was open more than a year); Network Appliance Inc. v. Sun Microsys. Inc., Nos. C-07-06053 EDL & C-07-05488 EDL, 2009 WL 2761924, at *2-3 (N.D. Cal. Aug. 31, 2009) (unpublished) (denying leave to amend infringement contentions where plaintiff waited a year to pursue related discovery).

> B.   Even If Plaintiff Had Shown Good Cause to Amend, the Proposed Amendments to Its Claim Chart Do Not Resolve the Deficiencies

Defendant contends that "plaintiff's proposed amended infringement contentions remain deficient."  Def.'s Resp. 10-11.  It is defendant's position that, like plaintiff's initial claim chart, plaintiff's proposed amended claim chart still does not show "'[w]here each element of each infringed claim is found within each [accused device],'" id. at 11 (quoting JPSR Ex. A (Special Procedures Order) 12) (brackets in original), because it "fail[s] to point to [a] specific structure in the accused devices that meets the patent claim limitations,"[7] id.  The court agrees.

---

[7] Defendant also contends that plaintiff's proposed amended claim chart is deficient because it is "silent on (1) whether plaintiff is asserting literal infringement or infringement under the doctrine of equivalents; and (2) whether plaintiff is relying on evidence of the commercial success of plaintiff's own products."  Def.'s Opp'n to Pl.'s Mot. to Show Good Cause Supporting the Amendment of Pl.'s Infringement Contentions, Dkt. No. 43, at 16.  Under paragraph 9(a)(iii) of the Special Procedures Order, the claim chart must contain "[w]hether . . . infringement is claimed to be literal or under the doctrine of equivalents," and, under paragraph 9(a)(v), the claim chart must also contain--if plaintiff wishes to preserve the right to rely on its own device as evidence of commercial success--an identification "separately for each claim, each such [device] . . . that incorporates or reflects that particular claim."  Joint Prelim. Status

Paragraph 9(a)(iv) of the Special Procedures Order requires plaintiff to show in its claim chart "[w]here each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality." JPSR Ex. A (Special Procedures Order) 12. Plaintiff's proposed amended claim chart does not satisfy this requirement. Plaintiff argues that "nowhere does Defendant contend that . . . it does not know and understand exactly what CANVS' claims of infringement are with respect to each and every accused device." Pl.'s Reply 8. Plaintiff further argues that its proposed amended claim chart relies "on the same photographs, arrows, narrative discussion and functional block diagrams" as the portion of plaintiff's claim chart found adequate by the court in its Order of July 23, 2012. Id. at 5.

The court finds these arguments unpersuasive. Plaintiff's proposed amended claim chart is less informative and relies more heavily on conclusory analysis than the portion of plaintiff's claim chart found adequate by the court. The portion of plaintiff's claim chart found adequate by the court used technical drawings, appropriate photographs and colored highlighting to identify the accused elements of the first two accused devices. See Pl.'s Stay Opp'n Ex. 1 (Supplemental Disclosures), Dkt. No. 35, at 12-27, Dkt. No. 35-1, at 14-40. Plaintiff created block diagrams for each device with each block representing one of the accused elements plaintiff had identified. Proceeding element-by-element, plaintiff used colored highlighting and text to show where it believed that each element of each infringed claim is found within each device. See id., Dkt. No. 35, at 8-11, 28-49, Dkt. No. 35-1, at 1-13, 41-49, Dkt. No. 35-2, at 1-27.

In contrast, in its proposed amended claim chart, plaintiff repeatedly fails to point out where each element of the asserted claims are found within the accused devices. For example, with regard to accused devices three through six,[8] plaintiff reproduces photographs lacking in detail (such as photographs of entire aircraft equipped with accused imaging systems), speculates that accused elements are located behind protective housings although they cannot be seen, and assumes, based upon the presence of control knobs or text on a sample display screen, that accused devices operate in the

---

Report (JPSR), Dkt. No. 11, at Ex. A (Special Procedures Order) 12. Although it is true that neither the March 5, 2012 document nor plaintiff's proposed amended claim chart contains the information required under paragraphs 9(a)(iii) and 9(a)(v) of the Special Procedures Order, plaintiff stated its position during the July 17, 2012 TSC that it intended to assert only literal infringement, see TSC of July 17, 2012, at 10:07:49-08:04 (colloquy between the court and Mr. Zito), and that it did not intend to rely on evidence of the commercial success of its own products, see id. at 10:08:19-40. Because plaintiff has now adequately disclosed its intentions in this regard, the court does not view the omission of this information in plaintiff's proposed amended claim chart as an additional deficiency.

[8] Accused devices three through six are the Arrowhead Upgrade Program, Pathfinder, the AH-1Z Target Sight System and the Gunship Multi-Spectral Sensor System. See Mem. of Law in Opp'n to Def.'s Mot. for Stay Pending Pl.'s Disclosure of Infringement Charts & Expert Test., Dkt. No. 31, at Ex. 1 (Supplemental Disclosures) 1.

same manner as the patent-in-suit. See Pl.'s Mot. Ex. A (Am. Claim Chart) 130-45. Such conclusory analysis based on such limited publicly available information does not meet plaintiff's obligations under paragraph 9(a)(iv) of the Special Procedures Order. Cf. Bender v. Maxim Integrated Prods., Inc., No. C 09-01152 SI, 2010 WL 2991257, at *2 (N.D. Cal. July 29, 2010) (unpublished) ("Plaintiff cannot simply rely on [defendant's] publicly-available datasheets to diagram his claims, and then attempt to escape his obligation to locate each element of each claim within the accused device by stating that he assumes an element of the claim must be present, although not depicted.").

Plaintiff created a single generic block diagram to represent the accused elements in devices three through six and recites certain of the elements of the asserted claims, matching each element to a block of the generic block diagram. See, e.g., Pl.'s Mot. Ex A (Am. Claim Chart) 146-81. However, because the generic block diagram is abstract (with each block representing a generic accused element described only with the language of an element of an asserted claim, such as "[a] low light imaging device," id. at 146), and because plaintiff does not explain, such as through technical drawings or appropriate photographs, how the generic block diagram corresponds to the actual structure of the accused devices, it provides no better guidance as to where each element of each infringed claim is located within devices three through six than the claim language itself, cf. Shared Memory Graphics LLC v. Apple Inc., No C-10-02475 MMC (JSC), 2011 WL 3878388, at *6 (N.D. Cal. Sept. 2, 2011) (unpublished) (finding infringement contentions insufficient where the plaintiff had "simply recite[d] the claim language and baldly assert[ed] that the . . . limitations are satisfied").

Plaintiff omits even a conclusory analysis when addressing device ten (the Digital Enhanced Night Vision Goggle (DENVG)). See Pl.'s Mem. 4; Pl.'s Mot. Ex A (Am. Claim Chart) 226. Plaintiff provides one photograph of the device and--with no explanation of how it corresponds to the actual structure of the device--a generic block diagram labeled with the language of the asserted claims. See Pl.'s Mot. Ex A (Am. Claim Chart) 225-64.

Even if the court had found that plaintiff had good cause to amend its claim chart with respect to devices numbered three through ten, the proposed amended claim chart provided by plaintiff remains significantly deficient.

    C.    Plaintiff's Claims with Regard to Devices Three Through Ten Are Dismissed Pursuant to RCFC 41(b)

The Patent Local Rules do not specify the actions that a trial court may or must take if a party does not properly disclose its infringement contentions. See O2 Micro, 467 F.3d at 1363. However, given plaintiff's repeated failure to comply with the court's orders, the court considers dismissal of plaintiff's claims regarding devices three through ten pursuant to RCFC 41(b).

Courts are often reluctant to dismiss infringement claims because of procedural defects, particularly when the party bringing the claim has acted in good faith. See, e.g., Biogenex Labs., Inc. v. Ventana Med. Sys., Inc., No. C 05-860 JF (PVT), 2006 WL 2228940, at *4 (N.D. Cal. Aug. 3, 2006) (unpublished). This is not a case, however, in which an otherwise diligent party has, in error, provided an incomplete claim chart. Plaintiff's failure to comply with discovery deadlines--often accompanied by a failure to respond to inquiries from defendant regarding the overdue disclosures--led defendant to file, and the court the grant, three motions to compel compliance. See CANVS Corp. v. United States, 104 Fed. Cl. 727, 728-29 (2012). After granting defendant's third motion to compel, the court sanctioned plaintiff's counsel, noting that "plaintiff has missed eleven deadlines set by the court's orders or the RCFC related to discovery, non-discovery disclosures and productions, and general responsive briefing deadlines." Id. at 730. The court stated that it "ha[d] not found plaintiff's repeated disregard for its rules and orders sufficiently egregious to warrant dismissal of the action or a citation for contempt," but cautioned that "[t]he court's authority is harmed by a violation of its rules and orders; the government has been required to expend resources bringing multiple motions to compel compliance; and the court has expended judicial resources examining and deciding the resulting motions." Id. at 734.

Despite being sanctioned by the court, plaintiff has continued to miss deadlines and has failed to remedy its failures when alerted to them by defendant. Plaintiff failed to serve its claim chart on June 18, 2012 as ordered by the court. See Scheduling Order 2; Def.'s Stay Mot. Ex. C (correspondence between plaintiff's counsel and defendant's counsel) C1, C3, C5-C6. Despite repeated requests from defendant, plaintiff did not provide defendant with its claim chart, request additional time to provide it, or explain why it had missed the June 18, 2012 deadline. See Def.'s Stay Mot. Ex. C (correspondence between plaintiff's counsel and defendant's counsel) C1-C5. Only after defendant filed its motion to stay claim construction proceedings did plaintiff inform defendant that it intended certain documents that it had served on March 5, 2012--to satisfy a different requirement of the court's October 14, 2011 Scheduling Order--to serve as its claim chart. See Pl.'s Stay Opp'n 2-3; id. at Ex. 2 (June 29, 2012 e-mail from plaintiff's counsel to defendant's counsel) 1. The document was an adequate claim chart with regard to devices one and two, but made only inadequate "brief mentions" of devices three through seven and nine and, when "afforded an opportunity . . . to explain its view that the document it provided on March 5, 2012 was an adequate claim chart with respect to accused devices numbered three through ten . . . , plaintiff was unable to point the court to specific pages that would support its view." CANVS Corp., 2012 WL 2989963, at *3 (citation omitted). Plaintiff then filed its response to defendant's motion to stay claim construction proceedings three days late and failed both to explain its tardiness and to request leave to file the delinquent response. Id. at *1 n.2. The proposed amended claim chart now submitted by plaintiff does not remedy the deficiencies of plaintiff's original claim chart. See supra Part III.B.

Plaintiff's actions resemble the actions of the plaintiff in Kadin before the trial court. In the Kadin case, the plaintiff "repeatedly and without valid justification ignored

13

both court-imposed deadlines and court rules," Kadin, 782 F.2d at 176, causing a series of delays, id. at 175. The trial court issued an order to show cause why the plaintiff's complaint should not be dismissed for failure to prosecute. Id. at 176. The Kadin plaintiff responded with a one-page letter, filed one week after the due date and unaccompanied by a request for leave to file out of time. Id. The trial court noted that "[i]n view of the gravity of the show cause order, every effort should have been made to comply in a timely fashion." Id. In its opinion affirming the trial court's judgment dismissing the complaint for failure to prosecute, the United States Court of Appeals for the Federal Circuit noted that "[t]he appellant's entire course of conduct reflected a callous disregard for the rules and regulations of the court." Id. at 177.

Plaintiff's course of conduct in this litigation reflects a similarly "callous disregard for the rules and regulations of the court." Id. Plaintiff's repeated failure, without valid justification, to meet discovery and filing deadlines has delayed the resolution of this case and has--despite defendant's efforts to remedy plaintiff's omissions by less formal means--required the repeated expenditure of judicial resources on matters that should have been resolved by the parties. Plaintiff's course of conduct has continued after the court ordered plaintiff three times to comply with its discovery orders, imposed monetary sanctions, advised plaintiff that it had considered dismissal of its complaint and directed plaintiff to file a brief setting forth its view that the document it had submitted to plaintiff was an adequate claim chart. These actions by the court should have made clear to plaintiff the increasing gravity of its failure to prosecute its case in accordance with the court's orders and the RCFC.

Dismissal of claims is a "harsh sanction." Id. at 176. However, the imposition of a lesser, monetary penalty on plaintiff's counsel has not persuaded plaintiff to meet deadlines and otherwise comply with the court's orders and the RCFC. The court therefore concludes that plaintiff's claims with regard to devices three through ten must be dismissed pursuant to RCFC 41(b) for failure to comply with the RCFC and the court's orders. See RCFC 41(b).[9]

IV. Conclusion

For the foregoing reasons, plaintiff has failed to establish that it had good cause for its failure timely to file an adequate claim chart with respect to accused devices three through ten. Plaintiff's Motion is therefore DENIED. Plaintiff's claims regarding accused devices three through ten are DISMISSED WITH PREJUDICE pursuant to RCFC 41(b) for repeated failures to comply with the court's orders and the RCFC.

---

[9] Plaintiff appears to believe that, if not permitted to amend its claim chart, it can file a new action to pursue its infringement claims regarding devices three through ten. See Pl.'s Mem. 10. However, the court's dismissal of plaintiff's claims regarding devices three through ten "operates as an adjudication on the merits." See RCFC 41(b).

      If plaintiff wishes to file a motion proposing an amendment to its claim chart to add claims with respect to devices other than those disclosed in its March 5, 2012 document served on defendant ("additional devices"), plaintiff shall do so at or before 5:00 p.m. Eastern Standard Time (EST) on Friday, November 16, 2012, and further proceedings with respect to accused devices one and two will be scheduled after such motion is resolved.  If plaintiff shall not have filed a motion regarding additional devices at or before 5:00 p.m. EST on Friday, November 16, 2012, the parties shall file a joint status report, or separate status reports if they do not agree, at or before 5:00 p.m. EST on Tuesday, November 27, 2012, proposing deadlines to replace those contained in the court's Order of October 14, 2011 with respect to accused devices one and two.

      IT IS SO ORDERED.

                                          s/ Emily C. Hewitt
                                          EMILY C. HEWITT
                                          Chief Judge