# In the United States Court of Federal Claims

No. 10-540C
(E-Filed: September 26, 2014)

|  |  |  |
|---|---|---|
| CANVS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Patent; Motion to Stay; |
| v. | ) ) | Patent and Trademark Office (PTO); Inter Partes Review; |
| THE UNITED STATES, | ) ) ) | 35 U.S.C. §§ 311–319 |
| Defendant. | ) ) | |

Joseph J. Zito, Washington, DC, for plaintiff.

John A. Hudalla, with whom were Stuart F. Delery, Assistant Attorney General, and John Fargo, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Lindsay K. Eastman, Attorney, United States Department of Justice, of counsel.

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

Defendant United States moves to stay this litigation pending inter partes review initiated by a third-party.  Def.'s Mot., May 29, 2014, ECF No. 95; see Def.'s Reply, Jun. 26, 2014, ECF No. 98.  Plaintiff opposes the request.  Pl.'s Opp'n, Jun. 16, 2014, ECF No. 97.  The court **DENIES** the motion without prejudice to re-filing, upon a decision by the United States Patent and Trademark Office (PTO) on the petition to institute inter partes review.[1]

---

[1]    In September 2012, inter partes review (IPR) replaced the old inter partes reexamination process as a new means to challenge the validity of patent claims before the United States Patent and Trademark Office (PTO) Patent and Trial Appeal Board (PTAB).  See Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, § 6, 125 Stat. 284, 299–305 (2011), 35 U.S.C. §§ 311–319 (2012); see also TAS Energy, Inc. v. San Diego Gas & Elec. Co., No. 12-cv-2777-GPC(BGS), 2014 WL 794215, at *2 (S.D.

I.      Statement of Facts

In August 2010, plaintiff CANVS Corporation (CANVS) filed suit seeking reasonable and entire compensation under 28 U.S.C. § 1498(a) for defendant's alleged infringement of plaintiff's U.S. Patent No. 6,911,652 filed June 28, 2005 (the patent), disclosing a low light imaging system useful for military applications.  Compl., ECF No. 1.  Defendant has denied infringement and pled invalidity based on prior art and obviousness.  See Ans., Dec. 13, 2010, ECF No. 8, at ¶¶ 31–34.  The parties exchanged initial disclosures, including (according to plaintiff) thirteen boxes of original documents from plaintiff and over 179,000 documents from defendant.  See Pl.'s Opp'n 3.  The parties also exchanged disclosures of asserted claims and prior art, claim charts, proposed claim construction statements, and expert reports in support of claim construction.  See id.; Scheduling Order, Mar. 25, 2011, ECF No. 12, amended by Order, Oct. 14, 2011, ECF No. 18.

Throughout 2011 and 2012, discovery and claim construction slowed to a halt in the wake of multiple discovery disputes.  These disputes culminated in numerous published and unpublished orders and opinions concerning discovery and the scope of claims and defenses.[2]  The court then entered partial summary judgment for defendant, invalidating claims 1–3 and claims 6–7 of the seven-claim patent as anticipated by U.S. Patent No. 5,035,472 (the Hansen patent).  CANVS v. United States, 114 Fed. Cl. 59, 67–73 (2013) (claims 1–3 & 6), recons. granted in part, 116 Fed. Cl. 294, 302–03 (2014) (claim 7).

On June 2, 2014, the court entered a scheduling order setting deadlines for further proceedings concerning the validity and infringement of the surviving patent claims 4 and 5.  ECF No. 96.  The court also denied defendant's request to expand its prior art disclosure, and denied plaintiff's request to expand its claim chart, because deadlines for both disclosures had expired two years earlier.  Id. at 1.  Over the last several months, the parties have restarted production of responsive documents and have been working toward

---

Cal. Feb. 26, 2014) (discussing new law in the context of order granting stay pending inter partes review).

[2]     E.g., CANVS Corp. v. United States, 104 Fed. Cl. 727 (2012) (imposing sanctions); CANVS Corp., 106 Fed. Cl. 107 (2012) (permitting revisions to claim construction materials); CANVS Corp., 107 Fed. Cl. 100 (2012) (dismissing claims as to certain accused devices); CANVS Corp., 110 Fed. Cl. 19 (2013) (denying reconsideration); see also Order, Sept. 14, 2011, ECF No. 16 (granting motion to compel discovery); Order, Apr. 9, 2012, ECF No. 21 (granting second motion to compel discovery); Order, Dec. 16, 2013, ECF No. 82 (denying motion to amend claim chart to add new accused devices).

filing revised claim construction positions to address a narrow construction issue still at play in patent claims 4 and 5. See id. at 2–3. The pre-trial conference is set for November 13, 2015 and trial for December 2015. Id. at 3.

In addition to instituting this action, CANVS has sued various third parties in Florida federal court, alleging that they also infringed the patent through their supply of accused devices to the U.S. military. See RCFC 40.2 Notice of Directly Related Cases, Apr. 21, 2014, ECF No. 90 (identifying directly related cases). Four months ago, one of the third-parties—specifically, FLIR Systems, Inc. (FLIR)—filed a petition with the PTO requesting inter partes review (IPR) of the patentability of all seven asserted patent claims, including those claims previously invalidated by this court. Def.'s Mot. Ex. B, ECF No. 95-2 (FLIR's IPR Petition filed May 16, 2014) (arguing the patent is invalid as obvious over the Hansen patent in combination with three other prior art references); see Def.'s Mot. 4–5 (discussing petition). CANVS filed its preliminary response on August 25, 2014.[3] See Patent Owner's Prelim. Resp., FLIR Sys., Inc. v. CANVS Corp., No. IPR2014-00773 (PTAB), corrected by Patent Owner's Corr. Prelim. Resp., FLIR Sys., Inc. v. CANVS Corp., No. IPR2014-00773 (PTAB Sept. 6, 2014) (technical corrections), available at www.uspto.gov/ip/boards/bpai/prps.jsp (follow Patent Review Processing System hyperlink; then search IPR case number or patent number for filing docket). The PTO must decide within three months (by late November 2014) whether it will "institute" or deny review. 35 U.S.C. § 314(b) (2012). Review is appropriate only if the PTO determines there is "a reasonable likelihood that [FLIR] would prevail with respect to at least [one] of the claims challenged in the petition." Id. § 314(a). If review is instituted, the PTO's Patent Trial and Appeal Board (PTAB) "conduct[s]" the review, id. § 316(c), and has one year to issue its findings, subject to a six-month extension for "good cause," id. § 316(a)(11). Therefore, either the PTO will deny review by late November, 2014, or it will grant review and issue a final decision on patentability by late November 2015 or, with an extension, by late May 2016. A party dissatisfied with the PTAB's final determination on patentability may appeal to the Federal Circuit. Id. §§ 319, 141(c).

Defendant seeks to stay this litigation pending resolution of the inter partes review petition and, presumably, any subsequent appeals. In brief, defendant argues a stay is warranted because, defendant assumes, the PTAB will invalidate the patent and render moot this litigation through a less costly and efficient proceeding. See Def.'s Mot. 6–11. Plaintiff responds that the stay request is inappropriate and a mere delay tactic because, plaintiff assumes, the PTAB is unlikely to invalidate either claim 4 or 5, which are the sole claims still at issue in this litigation. See Pl.'s Opp'n 1, 5–10. The court declines to

---

[3] The court may take judicial notice of PTAB filings. Fed. R. Evid. 201(b)(2), (c)(1) (judicial notice); Genentech, Inc. v. Chiron Corp., 112 F.3d 495, 497 n.1 (Fed. Cir. 1997) (PTAB filings).

speculate. Rather, as set forth below, the court considers whether a stay is appropriate pending the range of possible outcomes of a parallel PTAB proceeding.

Of note, as of the date of this opinion, all three of the parallel Florida infringement actions have denied similar requests to stay pending resolution of FLIR's inter partes review petition, including the action in which FLIR is a party.[4] See Order at 4, CANVS Corp. v. FLIR Sys., Inc., No. 2:14-cv-00180-SPC-CM (M.D. Fla. Jun. 10, 2014), ECF No. 21 (denying stay without prejudice to refile motion if the PTO institutes inter partes review review); Order at 2, CANVS Corp. v. Nivisys, LLC, No. 2:14-cv-00099-SPC-DNF (M.D. Fla. Jul. 31, 2014), ECF No. 25 (same); Order at 1, CANVS Corp. v. Exelis, Inc., No. 2:14-cv-00100-SPC-CM (M.D. Fla. Jul. 2, 2014), ECF No. 21 ("Upon review and in its discretion, the Court does not find[] a stay is appropriate at this stage of the proceedings.").

II.     Standard of Review

The court has inherent power to stay proceedings pending inter partes review.[5] See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); Core Laboratories LP v. Spectrum Tracer Servs., LLC, 532 F. App'x 904, 911 (Fed. Cir. 2013). However, a stay is not automatic. See Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); accord Comcast Cable Commc'ns Corp., LLC v. Finisar Corp., No. C-06-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) (explaining that stays are not automatic because "federal infringement actions would be dogged by fits and starts . . . [and] should not be hijacked in this manner"); Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp.2d 660, 662 (E.D. Tex. 2005) (observing that a per se rule "would invite parties to unilaterally derail timely patent case resolution"). Rather, the decision to grant a stay falls within the court's sound discretion. See VirtualAgility, Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1310 (Fed. Cir. 2014) (addressing stays in the context of PTO review of a covered business method patent); Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848–49 (Fed. Cir. 2008) (discussing discretion to issue stays in the context of inter partes reexamination); Cherokee Nation of Okla., v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (discussing stays generally).

---

[4]     The court may take judicial notice of decisions of other courts. See Advanced Software Design Corp. v. Fed. Res. Bank of St. Louis, 583 F.3d 1371, 1379 n.3 (Fed. Cir. 2009).

[5]     Although inter partes review is a new means to challenge patent validity, the same general principles that governed stays pending the old inter partes reexamination process should apply with equal force to stays pending the new inter partes review. E.g., Ultratec, Inc. v. Sorenson Commc'ns, Inc., No. 13-CV-346-BBC, 2013 WL 6044407, at *2 (W.D. Wisc. Nov. 14, 2013) (C.D. Cal. 2013). Accordingly, the court relies throughout this opinion on authority to issue stays in both the old and new contexts.

Moreover, because litigation and reexamination "are concepts not in conflict," the two actions may continue along parallel tracks. Ethicon, 849 F.2d at 1427 (internal quotation omitted); Straight Path IP Group, Inc. v. Vonage Holdings Corp., No. 14-502 (JLL) (JAD), 2014 WL 4271633, at *2 (D.N.J. Aug. 28, 2014) ("[N]o conflict [exists] . . . , despite the fact that the two forums may come to differing conclusions on the same patent; the PTO and the district courts apply different standards and come to different legal conclusions.").

The moving party bears the burden of showing that a stay is appropriate, Netlist, Inc. v. Smart Storage Sys., Inc., No. 13-cv-589-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014), and such showing must be based on more than the mere fact that a petition for inter partes review was filed, Automatic Mfg. Sys., Inc. v. Primera Tech., Inc. (Automatic Mfg. I), No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); see Lifewatch Servs., Inc. v. Medicomp, Inc., No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010) ("[A] stay should ordinarily be denied unless there is a substantial question of patentability.").

Courts considering the issue have weighed three factors: (1) the impact of inter partes review, to include whether a stay would simplify the issues in question and streamline the trial; (2) how far the litigation has progressed, taking into account whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See, e.g., Straight Path, 2014 WL 4271633, at *2; Automatic Mfg. Sys., Inc. v. Primera Tech., Inc. (Automatic Mfg. II), No. 6:12-cv-1727-Orl-37DAB, 2013 WL 6133763, at *2 (M.D. Fla. Nov. 21, 2013); e-Watch, Inc. v. Lorex Canada, Inc., No. H-12-3314, 2013 WL 5425298, at *1 (S.D. Tex. Sept. 26, 2013); Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp.2d 1028, 1030–31 (C.D. Cal. 2013); cf. VirtualAgility, 759 F.3d at 1309 (adding a fourth factor when considering a stay pending review of a covered business method patent). The inquiry is not limited to the aforementioned factors however; it ultimately is governed by giving consideration to the "totality of the circumstances." E.g., Universal Elecs., 943 F. Supp.2d at 1031 (internal quotation omitted); Endotach LLC v. Cook Med., Inc., No. 1:13-cv-01135-LJM-DKL, 2014 WL 852831, at *3, *5 (S.D. Ind. Mar. 5, 2014).

III.   Discussion

    A.   The Impact of Inter Partes Review on the Litigation

Under the first factor, the Federal Circuit has recognized that a stay is favored if PTO review would simplify or assist the court's patent validity determination or eliminate its need to try infringement claims. See Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1341 (Fed. Cir. 1998). District courts also have favored a stay to avoid inconsistent results, to benefit from PTAB guidance, to further judicial economy, and to conserve party and judicial resources. Destination Maternity Corp. v. Target

5

Corp., No. 12-5680, --- F. Supp.2d ---, 2014 WL 1202941, at *2 (E.D. Pa. Mar. 24, 2014); Evolutionary Intelligence, LLC v. Apple, Inc., No. C 13-04201 WHA, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014); Broad. Innov., LLC v. Charter Commc'ns Inc., No. 03-cv-2223, 2006 WL 1897165, at *8 (D. Colo. Jul. 11, 2006) (noting a stay "would further the interests of judicial economy and the conservation of the parties' resources").

Defendant is correct that all seven patent claims are at issue in both proceedings. Def.'s Mot. 6–8. Defendant is also correct that if the PTO institutes review, it would reach a decision on patentability in November 2015 (absent an extension) prior to the commencement of this court's December 2015 trial.[6] See Def.'s Reply 6. Accordingly, if the PTAB were to cancel or narrow all claims by November, it would simplify the December trial by narrowing the issues or rendering trial moot because inter partes review findings are binding on this court. See Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."), reh'g en banc denied, 733 F.3d 1369 (2013), cert. denied, 134 S. Ct. 2295 (2014).

Conversely, even if patent claims 4 and 5 were to survive PTAB review, the PTAB's final decision sustaining these claims would contain analysis that would be helpful to the court. See Def.'s Mot. 2, 8 (arguing the PTAB's unique expertise and ability, in this case, to consider obviousness combinations not presently before the court). A richer prosecution history aids the court in its work. See Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983); accord Intellectual Ventures II LLC v. Huntington Bancshares Inc., No. 2:13-CV-00785, 2014 WL 2589420, at *2 (S.D. Ohio Jun. 10, 2014); TAS Energy, Inc. v. San Diego Gas & Elec. Co., No. 12-cv-2777-GPC(BGS), 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014) (explaining "the PTO's decision 'is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence'") (quoting Evolutionary

---

[6]    Defendant is adamant that the remaining patent claims 4 and 5 are "highly unlikely . . . [to] survive the [inter partes review] process" given the narrow issue of independent brightness adjustment and the fact that this court has already invalidated claims 1–3 and 6–7. See Def.'s Mot., May 29, 2014, ECF No. 95, at 6, 8; Def.'s Reply, Jun. 26, 2014, ECF No. 97, at 1, 5 n.4. In contrast, plaintiff contends that claims 4 and 5 are "highly likely" to survive inter partes review because they already have survived summary judgment. See Pl.'s Opp'n 2. The court will not speculate on the likely outcome of a third-party inter partes review petition or the extent to which the unique procedural posture of this case might have some effect. See Rensselaer Polytech. Instit. v. Apple, Inc., No. 1:13-CV-0633 (DEP), 2014 WL 201965, at *8 (N.D.N.Y. Jan. 15, 2014) (declining to predict the likelihood of PTO review, except to acknowledge statistics that suggest PTO review may be more likely than not).

6

Intelligence, LLC v. Facebook, Inc., Nos. C-13-4202-SI, C-13-4204-SI, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014)); In re Cygnus Telcomm. Tech., LLC, Patent Litig., 385 F. Supp.2d 1022, 1024 (N.D. Cal. 2005).

The court is cognizant of Congress's intention to offer, through inter partes review, a more streamlined, efficient and less costly alternative to litigation. See Universal Elecs., 943 F. Supp.2d at 1029 (discussing same); Def.'s Mot. 8; Def.'s Reply 1–3 (arguing same). The court also is aware that if it stays this action, the parties will realize some of these benefits through more limited discovery, albeit to a far lesser degree than Congress intended in light of the status of this litigation and, in particular, the extensive discovery that has already occurred. See Def.'s Reply 3 n.3.

Other factors, however, weigh against the possibility that inter partes review would simplify this litigation, and these factors merit consideration. Among these factors is the decision pending before the PTO regarding whether it will initiate or reject review, which creates uncertainty about whether a stay would simplify issues in this case. See Ultratec, Inc. v. Sorenson Commc'ns, Inc., No. 13-CV-346-bbc, 2013 WL 6044407, at *3 (W.D. Wisc. Nov. 14, 2013). An examination of the case law reveals that some courts are willing to rule on a motion for stay before the PTO decides whether to initiate review. E.g., Endotach, 2014 WL 852831, at *5 (denying stay before PTO determined whether it would grant inter partes review of the petition); Intertainer, Inc. v. Hulu, LLC, No. 13-cv-5499-CJC (RNBx), 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014) (granting stay before PTO initiated post-grant review of a covered business method patent). Yet, other courts—seemingly the majority—deny the motion as premature while permitting defendants to refile for stay if the PTO later accepts review. E.g., Straight Path, 2014 WL 4271633, at *3; Netlist, Inc. v. Smart Storage Sys., Inc., No. 13-cv-5889-YGR, 2014 WL 4145412, at *2–3 (N.D. Cal. Aug. 21, 2014) (factor weighs "neutral" until the PTO decides whether to proceed with review); Rensselaer Polytech. Inst. v. Apple Inc., No. 1:13-CV-0633 (DEP), 2014 WL 201965, at *2, *5–9 (N.D.N.Y. Jan. 15, 2014); Procter & Gamble Co. v. Team Techs., Inc., No. 1:12-cv-552, 2013 WL 4830950, at *3–4, *4 n.1 (S.D. Ohio Sept. 10, 2013) (citing additional authorities for the principle that a stay is premature before the PTO grants review); see also Checkfree Corp. v. Metavante Corp., No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014) (granting stay pending PTO review of a covered business method patent only after deferring on motion pending PTAB's determination that review was appropriate); Automatic Mfg. I, 2013 WL 1969247, at *3 (denying stay as premature before PTAB accepts review), revisited by Automatic Mfg. II, 2013 WL 6133763, at *4 (granting stay after PTAB accepted review). Of note, the parallel Florida court actions brought by CANVS against third parties have taken this same approach, denying as premature the requests to stay the district court proceedings pending FLIR's petition for inter partes review (including the action in which FLIR is a party). See supra Section I (citing decisions).

7

The Federal Circuit "express[es] no opinion on which is the better practice." See VirtualAgility, 759 F.3d at 1315–16 (discussing the timing of stay motions in the context of a stay request pending the post-grant review of a covered business method patent). But, the Federal Circuit observes that, "[w]hile a motion to stay could be granted even before the PTAB rules on [whether to review a patent], no doubt the case for a stay is stronger after . . . review has been instituted." Id. at 1316; cf. Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d at 849 (explaining that a stay pending the old inter partes reexamination process "should ordinarily not be granted unless there is a substantial patentability issue raised [in the petition]").

Anticipating the lack of uniformity among the various court decisions, defendant argues that the early filing of the motion to stay in this case should not be a matter of concern to the court because defendant expresses confidence that PTO review will be forthcoming. Def.'s Mot. 7 (arguing PTAB review is a "virtual certainty"). Defendant contends that (i) the PTAB has a high statistical rate of granting petitions; and (ii) the PTAB is likely to reconsider patentability in light of this court's partial summary judgment opinion invalidating five of the seven claims. Id. at 4, 6–8; Def.'s Reply 8–9. In contrast, plaintiff responds that inter partes review is "highly likely to be denied, and if granted is unlikely to result in cancellation of [c]laim 4 or [c]laim 5, which [already survived summary judgment]." See Pl.'s Opp'n 2. The court again declines to accept the likelihood of either party's speculation.

The court will not base its stay decision on speculation as to the likelihood that the PTO will accept review or ultimately cancel one or more claims. Such "review is not automatic and requires [the PTO's independent determination] of a substantial question of patentability" presented, in this case, through a third-party's inter partes review petition. See Malibu Boats, LLC v. Nautique Boat Co., Inc., No. 3:13-CV-656-TAV-HBG, 2014 WL 3866155, at *4 (E.D. Tenn. Aug. 6, 2014) (internal quotation omitted). Even if the court's invalidation of patent claims 1–3 and 6–7 were to inspire PTO review of those claims, there can be no guarantee the PTO also would accept review of claims 4–5, let alone cancel them.

In any event, even if the PTO were to review all of the claims presented in this case, there are no estoppel benefits to be obtained that would ensure that a stay achieves the intended efficiencies in this circumstance. A petitioner seeking inter partes review is subject to a statutory estoppel requirement that precludes the petitioner from asserting invalidity in a subsequent lawsuit "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). "This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments." PersonalWeb Tech., LLC v. Google, Inc., No. 5:13-cv-1317-EJD, 2014 WL 4100743, at *5 (N.D. Cal. Aug. 20, 2014); accord TAS Energy, 2014 WL 794215, at *4 ("Even if all the asserted claims survive inter partes review, the case could be simplified because [d]efendant would be bound by the estoppel provisions . . . and

8

could not raise any arguments it raised or reasonably could have raised at the PTO in its petition.").

The petitioner who has sought the inter partes review concerning the patent-in-suit is neither defendant nor CANVS, but rather the third-party FLIR. Thus, the statutory estoppel limitation does not apply in this case because defendant as movant for the stay is not the petitioner; nor has defendant agreed to be bound to the same scope of statutory estoppel applicable to FLIR. With no estoppel requirement here, defendant would be at liberty to bring to the court the same arguments that were, or could have been, raised by FLIR with the PTAB. This ability to assert the same positions in a different forum defeats one of the intended benefits of inter partes review, should any claims survive inter partes review. See PersonalWeb Tech., 2014 WL 4100743, at *5 (explaining these concerns are "serious" as "the expected efficiencies [of stay] would be eviscerated . . . ."); Evolutionary Intelligence, 2014 WL 261837, at *2 (agreeing with plaintiff that a defendant's "failure to agree to be bound weakens [the simplification] factor"); Interwoven, Inc. v. Vertical Computer Sys., Inc., No. C 10-4645 RS, 2012 WL 761692, at *3 (N.D. Cal. Mar. 8, 2012) (denying stay where estoppel did not apply). But see Intellectual Ventures, 2014 WL 2589420, at *2, *4 (finding the lack of estoppel not dispositive because estoppel would be irrelevant if the inter partes review invalidates the asserted claims, rendering moot the litigation).

To support a stay request, some non-petitioner defendants have agreed to be subject to the same estoppel effects as the inter partes review petitioners. E.g., Intellectual Ventures II LLC v. Commerce Bancshares, Inc., No. 2:13-CV-04160-NKL, 2014 WL 2511308, at *3 (W.D. Mo. Jun. 4, 2014); VirtualAgility, 759 F.3d at 1311 n.2 (explaining that non-petitioner defendants in the case before the court will agree to be estopped to the same extent as the petitioner seeking review of a covered business method patent); cf. e-Watch Inc. v. Avigilon Corp., No. H-13-0347, 2013 WL 6633936, at *3 (S.D. Tex. Dec. 17, 2013) (ruling on the proper scope of estoppel voluntarily assumed). Defendant in this case has not offered to do so.

In other cases, courts have conditioned stays on the defendant's agreement to be bound as if it had filed the petition. E.g., PersonalWeb Tech., 2014 WL 4100743, at *5; Evolutionary Intelligence, LLC v. Millenial Media, Inc., No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. Jun. 11, 2014); cf. Evolutionary Intelligence, LLC v. Sprint Nextel Corp., No. C-13-4513-RMW, 2014 WL 819277, at *6 (N.D. Cal. Feb. 28, 2014) (conditioning stay on the agreement to a limited estoppel, precluding only the assertion of any invalidity contention that was actually raised and finally adjudicated in the inter partes review proceedings, rather than the full scope of any argument raised or that could have been raised). Here, the court declines to impose on defendant such a condition.

Although the court recognizes the potential for some simplification of the sole remaining claims 4 and 5 of the seven-claim patent, the prematurity of defendant's motion and the lack of estoppel benefits to be gained weigh against the grant of a stay.

B.      Progress in this Case

This second factor calls for an examination of the progress already made in litigation and often has included a specific inquiry into whether discovery is complete and a trial date has been set.[7]  E.g., Evolutionary Intelligence, 2014 WL 261837, at *2. When parties are mid-discovery—as they are in this case—some courts have determined that this factor weighs in favor of a stay if there remains substantial work to do or significant milestones to meet, such as the completion of claim construction, expert discovery, or summary judgment.  See Convergence Techs. (USA), LLC v. Microloops Corp., No. 5:10-CV-02051 EJD, 2012 WL 1232187, at *4 (N.D. Cal. Apr. 12, 2012) (favoring a stay where, despite completion of construction briefing and age of the case, it had not reached a "point of no return"); TAS Energy, 2014 WL 794215, at *3 (concluding a stay "would not be improper" where there remains "expert discovery, summary judgment motions and trial"); Affinity Labs, 2014 WL 3845684, at *2 (favoring a stay where discovery, depositions, expert reports, and summary judgment remained).

But, if protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay.  E.g., Endotach, 2014 WL 852831, at *4 (finding party's substantial investment in preparing for summary judgment cut against a stay); Universal Elecs., 943 F. Supp.2d at 1031–32 ("The Court's expenditure of resources is an important factor in evaluating the stage of the proceedings."); SenoRx, Inc. v. Hologic, Inc., No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) (explaining that once "the Court and the parties have already expended significant resources on the litigation[,] . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion"); Xerox Corp. v. 3Com Corp., 69 F. Supp.2d 404, 407 (W.D.N.Y. 1999) (finding stay inappropriate where parties already engaged in substantial discovery and dispositive motions).

Discovery in this case is not yet complete and trial is scheduled to be held in December 2015, shortly after defendant filed its request for stay.  See Def.'s Mot. 8; Scheduling Order at 3, Jun. 2, 2014, ECF No. 96.  Defendant contends that discovery is still in its "early stages," pointing out that claim construction is pending and the parties

---

[7]      Generally, the court should measure litigation progress as of the filing of the motion rather than later, when it rules on the motion.  VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1317 (Fed. Cir. 2014).  But see id. at 1317 n.6 ("[T]here was no error in also taking into account the stage of litigation as of the date that [PTO] review was granted.").

have yet to conduct expert discovery on infringement and damages discovery. Def.'s Mot. 8–9 (capitalization omitted).

Both the parties and the court have expended substantial resources to advance this case. Progress in this litigation has not been insignificant. The parties have responded to written discovery regarding infringement and invalidity, have exchanged thousands of pages of documents, inspected prior art, and have taken depositions. In addition, the court has resolved numerous discovery disputes in multiple orders.[8] See supra note 2 (listing orders). The court also entered partial summary judgment invalidating patent claims 1–3 and 6, and (on cross-motions from the parties) reconsidered that ruling to invalidate claim 7 as well. The parties exchanged claim construction positions years ago and, following summary judgment, have narrowed their claim construction dispute to a sole remaining phrase or two—even as plaintiff insists that claim construction is not necessary. See Status Report, Apr. 28, 2014, ECF No. 91, at 3–6.

The parties and court have expended considerable effort in this case and have made substantial progress. This work has resulted in a narrower and more refined dispute between the parties. The advanced procedural posture of this case militates against a stay.

### C. Prejudice and Tactical Disadvantage

The last factor requires that the court evaluate "whether a stay would 'unduly prejudice or present a clear tactical disadvantage to the non-moving party.'" E.g., TAS Energy, 2014 WL 794215, at *5 (quoting Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc., 486 F. Supp.2d 990, 993–94 (D. Az. 2007)). Informing the court's determination are: "'the timing of the request for reexamination, the timing of the request for stay, [and] the status of the reexamination proceedings.'" Bonutti Skeletal Innovs., LLC v. Zimmer Holdings, Inc., Nos. 12-cv-1107 (GMS), -1109 (GMS), -1110 (GMS), 2014 WL 1369721, at *2 (D. Del. Apr. 7, 2014) (quoting Boston Scientific Corp. v. Cordis Corp., 777 F. Supp.2d 783, 789 (D. Del. 2011)); TruePosition, Inc. v. Polaris Wireless, Inc., No. 12-646-RGT/MPT, 2013 WL 5701529, *6 (D. Del. 2013). Courts also consider "the relationship of the parties," including whether the plaintiff is a non-practicing entity or whether the parties are direct competitors. Bonutti Skeletal, 2014 WL 1369721, at *4; True Position, 2013 WL 5701529, at *5. In general, the delay inherent in PTO review is insufficient to constitute undue prejudice unless it results in a sufficient tactical disadvantage to the non-moving party. See Bonutti Skeletal, 2014 WL 1369721, at *4 (delay insufficient) (citing cases); TAS Energy, 2014 WL 794215, at *5 (same); In re

---

[8]   Defendant argues that plaintiff is responsible for the delayed discovery. Def.'s Mot. 9. But, responsibility is not relevant to the consideration of this factor. Rather, this factor is concerned with what progress has been made and what remains to be done.

Cygnus, 385 F. Supp.2d at 1023–24 (delay insufficient unless it creates tactical disadvantage).

Weighing in favor of stay here is the fact that the parties are not direct competitors. Any harm that might result from a temporary stay of this litigation could be addressed through a final damages award. E.g., TAS Energy, 2014 WL 794215, at *5. But cf. Air Vent, Inc. v. Owens Corning Corp., No. 2:10-cv-1699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012) ("Courts are more likely to find undue prejudice when the parties are direct competitors."); Universal Elecs., 943 F. Supp.2d at 1033 ("[I]nfringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.") (internal quotation omitted); Ultratec, 2013 WL 6044407, at *4 (W.D. Wisc. Nov. 14, 2013) (explaining that plaintiff is likely to lose significant market share during a stay if the parties are direct competitors in a small market).

Also weighing in favor of a stay is defendant's prompt request for a stay within two weeks of FLIR having filed its petition for inter partes review. Contrary to plaintiff's assertions that defendant is attempting to use the request for review to delay these proceedings, there is no evidence—only plaintiff's argument—that defendant's motive is dilatory. See Pl.'s Opp'n 8, 10.

A critical countervailing consideration, however, is that a grant of stay at this time is likely to put plaintiff at a tactical disadvantage. Defendant had an opportunity to seek inter partes review earlier in this case, and it chose not to do so. See 35 U.S.C. § 311(c). Instead, defendant elected to pursue litigation and aggressively challenge plaintiff at every turn. In furtherance of the litigation, both the parties and court devoted significant time and resources. Defendant now seeks to avail itself of the benefits of a stay pending inter partes review, without any of the attendant risks for such a petitioner.[9] Thus, defendant can sit idly by while a third party defends its interests, and plaintiff continues to expend resources. See PersonalWeb Tech., 2014 WL 4100743, at *5 (characterizing the "[d]efendants request [for] discretionary relief from this court based not on their own efforts but on the diligence work of third parties" as an "easily-exploited opportunity"); Endotach, 2014 WL 852831, at *4 ("[B]y failing to file its own [inter partes review], but now trying to ride the coat tails of a third party, [defendant] has unfairly disadvantaged [plaintiff]."). Moreover, defendant may use the inter partes review to preview the viability of the positions it shares with FLIR and of plaintiff's responses.

The court discerns a measure of undue prejudice and a tactical disadvantage to plaintiff under this factor that counsels against a stay.

---

[9] See supra Section III.A (discussing statutory estoppel).

IV.     Conclusion

The Court finds that a stay pending inter partes review initiated by a third party is inappropriate at this time based on a review of the relevant factors and considering the totality of the circumstances.  Accordingly, defendant's motion for a stay is **DENIED** without prejudice.

If the PTAB institutes review, defendant may refile its motion to stay within twenty (20) days of the PTAB's decision, taking care to address the impact, if any, of: (i) the PTAB's decision to accept review; (ii) defendant's status as a third party to the inter partes review not subject to statutory estoppel in this court; and (iii) any changed factual circumstances.

IT IS SO ORDERED.

 s/ Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge